UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-01290-RT (KK) | Date | July 1, 2015 |
|---|---|---|---|
| Title | Ray A. Butler v. County of Riverside, CA | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed

On June 25, 2015, Plaintiff Ray A. Butler, a California state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] ECF Docket No. ("dkt.") 1. The Court has screened the Complaint and finds it improperly challenges the validity of Plaintiff's California state conviction and sentence. Thus, Plaintiff is ordered to show cause why this action should not be dismissed without prejudice for failure to state a claim on which relief may be granted.

In the Complaint, Plaintiff sues the County of Riverside and the City of Riverside, California. Dkt. 1 at 14.[2] Plaintiff alleges defendants "violated [his] constitutional rights under the 5th, 8th, and 14th amendment[s] when he was sentenced to 25 years to life under an unauthorize[d] illegal sentence which amounts to cruel and unusual punishment by the Defendants." Id. at 16. Specifically, Plaintiff alleges:

> On 1-26-97 Ray Butler was arrested for p.c. 666 petty theft. On 2-13-97 the complaint was amended to p.c. 667.5 petty theft with prior, case #RIF73041. Mr. Butler is asserting that his adult record shows he only suffered two prior felony convictions (1) case # CR-1516 in 1978, [and] (2) case # CR-23582 in 1985. Therefore it was illegal for the City of Riverside to elevate Butler's p.c. 666

---

[1] Plaintiff filed his Complaint in the Eastern District of California. The case was subsequently transferred to this District on June 29, 2015.

[2] The Court refers to the pages as reflected on CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-01290-RT (KK) | Date | July 1, 2015 |
|---|---|---|---|
| Title | Ray A. Butler v. County of Riverside, CA | | |

> misdemeanor to 667.5 felony for the three strikes. Because they knew or should have known that all of Butler's charged priors came from his 1978 conviction, which all four were not only tried in the same proceedings, but committed during the same course of criminal conduct, based on the same act, committed at the same time, against the same victims, and were all committed long beyond the ten year limit. The Judge acted in excess of its Jurisdiction by imposing on an illegal unauthorized sentence for a single act, but counted them as separate single priors. Plus the judge at the sentencing did not give a reason for this none consistent sentence, which by doing so violated not only statutory law, but federal sentencing guidelines, and California rules of court violating Mr. Butler's due process under the 5th, 8th, and 14th amendment which is a fundamental miscarriage of justice cruel and unusual punishment.

Id. at 16-17.

Plaintiff seeks "to be granted release from prison, and compensated for pain and suffering, mental anguish which is caused by the Defendant in the form of forty million dollars." Id. at 38.

    A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement."[3] Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (citation omitted). A state prisoner's civil rights action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," except where the prisoner's conviction has

---

[3] The Court takes judicial notice of Plaintiff's previous attempt to challenge his conviction in case number #RIF73041 through a federal habeas corpus proceeding, which the Court denied on March 9, 2015. See Butler v. Chappell, No. 5:14-01063-RT-KK (C.D. Cal. 2014). A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-01290-RT (KK) | Date | July 1, 2015 |
|---|---|---|---|
| Title | Ray A. Butler v. County of Riverside, CA | | |

already been invalidated.[4]  Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).  Thus, because the Complaint challenges the validity of Plaintiff's conviction and sentence, and because the conviction and sentence have not already been invalidated, this action is barred.

     Plaintiff is therefore ORDERED TO SHOW CAUSE within **14 days** of the date of this Order why the Court should not dismiss his Complaint.  As an alternative, Plaintiff may, within **14 days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

     The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed without prejudice.

---

[4]Petitioner attaches a Report and Recommendation filed in Butler v. Hernandez, No. EDCV 02-00071-GAF (MLG), on July 31, 2002, which granted his petition for writ of habeas corpus in that matter based on the Ninth Circuit's rulings in Andrade v. Attorney General of the State of California, 270 F.3d 743 (9th Cir. 2001) and Brown v. Mayle, 283 F.3d 1019 (9th Cir. 2002).  However, the court's judgment granting relief was subsequently reversed by the Ninth Circuit based upon the Supreme Court's ruling in Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).  See Butler v. Hernandez, 83 F. App'x 219, 220 (9th Cir. 2003).